**Jackie Ervin RASBERRY, Petitioner—Appellant,**

v.

**Rosie B. GARCIA, et al., Warden, Respondent—Appellee.**

No. 03–15051.

D.C. No. CV–00–01810–LKK.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 28, 2003.

---

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM **

California state prisoner Jackie Ervin Rasberry appeals the district court's denial of his motion pursuant to Federal Rules of Civil Procedure 60(b) for relief from the dismissal of his 28 U.S.C. § 2254 habeas petition. We review the denial of a Rule 60(b) motion for an abuse of discretion. *Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir.1997) (per curiam). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The district court dismissed Rasberry's federal habeas petition based on his failure to exhaust state remedies. Rasberry contends that the district court should have given him an opportunity to amend his petition and go forward with exhausted claims, pursuant to *Anthony v. Cambra*, 236 F.3d 568 (9th Cir.2000). However, unlike the petition in *Anthony*, Rasberry's petition was not a mixed petition, but wholly unexhausted, and amending his petition to exclude unexhausted claims would have resulted in a petition without claims. Accordingly, dismissal was proper. *See Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (habeas petitions should be dismissed if the state remedies had not been exhausted as to any of the federal claims).

To the extent that Rasberry claims he has now fairly presented his federal claims in a state habeas petition before the California Supreme Court, this state petition was filed over five months after Rasberry's AEDPA one-year statute of limitations expired. All of Rasberry's issues were unexhausted at the time his AEDPA statute of limitations expired, and Rasberry does not demonstrate that he is entitled to statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *Frye v. Hickman*, 273 F.3d 1144 (9th Cir.2001). As this was not a mixed petition, the district court properly dismissed the petition as unexhausted, and the denial of Rasberry's 60(b) motion challenging that dismissal was not an abuse of discretion. *See Greenawalt*, 105 F.3d at 1274.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.