**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JACKIE ERVIN RASBERRY,
  *Petitioner-Appellant,*

v.

ROSIE B. GARCIA, ET AL., Warden,
  *Respondents-Appellees.*

No. 03-15854

D.C. No.
CV-01-01907-LKK/
GGH

OPINION

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding

Argued and Submitted
April 6, 2006—San Francisco, California

Filed May 25, 2006

Before: Mary M. Schroeder, Chief Judge, Stephen S. Trott
and Andrew J. Kleinfeld, Circuit Judges.

Opinion by Judge Trott

## COUNSEL

Ann C. McClintock, Assistant Federal Defender, Sacramento, California, for the petitioner-appellant.

Mark A. Johnson and Eric L. Christoffersen, Deputy Attorneys General, Sacramento, California, for the respondents-appellees.

## OPINION

TROTT, Circuit Judge:

Petitioner, Jackie Ervin Rasberry, appeals the dismissal as untimely of his 28 U.S.C. § 2254 habeas corpus petition. Rasberry contends that he is entitled to equitable tolling because the district court dismissed Rasberry's wholly unexhausted habeas petition when it should have been apparent to the court that Rasberry had accidently omitted from the petition two claims that he had exhausted in state court. Rasberry argues that the district court should have notified him of the two omitted claims, granted him the opportunity to amend his habeas petition to add the claims, and permitted him to employ the hold and abeyance procedure, allowing him to return to state court to exhaust his remaining claims. Alternatively, he argues that his second habeas petition relates back to his timely filed first habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm. A district court has no obligation to inform a pro se habeas petitioner of potentially exhausted claims that the petitioner failed to include in his habeas petition. Additionally, Rasberry's second habeas petition does not relate back to his timely filed first habeas petition. Thus, the district court properly dismissed Rasberry's untimely habeas petition.

## I

Rasberry is a California state prisoner who was sentenced to fifty years to life imprisonment for two drug convictions.

The drug convictions together constituted his third "strike." The sole issue on appeal is the timeliness of Rasberry's current habeas petition.

Rasberry was convicted and sentenced in 1995. On October 22, 1997, the California Court of Appeal affirmed the convictions but remanded to the superior court on sentencing issues regarding Rasberry's prior two strikes. On remand, the superior court imposed the same sentence, and the court of appeal affirmed this sentence on June 22, 1999. The California Supreme Court denied Rasberry's petition for review on August 25, 1999. The ninety-day period for filing a petition for certiorari with the Supreme Court ended on November 23, 1999, which commenced the statute of limitations clock under 28 U.S.C. § 2244(d) for Rasberry's federal habeas petition. Absent tolling, the statute of limitations would expire on November 23, 2000.

On August 6, 2000, well within the limitations period, Rasberry filed pro se his first federal habeas petition. The state moved to dismiss the habeas petition, asserting that all of the claims were unexhausted. On March 30, 2001, the magistrate judge issued a report and recommendation. The magistrate judge found that Rasberry's petition for review to the California Supreme Court contained two claims, but did not include any of the claims that Rasberry asserted in his federal habeas petition. Concluding that all of the claims in the habeas petition were unexhausted, the magistrate judge recommended that the district court grant the state's motion to dismiss. The magistrate judge neither inquired as to whether Rasberry intentionally omitted from his habeas petition the two claims that he had presented to the California Supreme Court, nor notified Rasberry that he could amend his petition to include the two claims.

In a footnote, the magistrate judge did notify Rasberry of the one-year statute of limitations for federal habeas petitions. However, this notice did not attempt to calculate the starting

and ending dates for the statute of limitations and therefore did not notify Rasberry that the limitations period had already expired on November 23, 2000. On May 23, 2001, the district court adopted in full the magistrate's report and recommendation and entered final judgment on Rasberry's habeas petition.

On May 10, 2001, even before the district court adopted the magistrate judge's report and recommendation, Rasberry filed a petition for post-conviction relief with the California Supreme Court to exhaust the claims he had presented in his federal habeas petition. The supreme court denied this petition on August 29, 2001, and this decision became final thirty days later on September 28, 2001.

Having exhausted the claims asserted in his original habeas petition, Rasberry returned to federal court. On October 12, 2001, he filed a "First Amen[d]ed Petition." Like Rasberry's original habeas petition, this petition omitted the two claims that he had previously presented to the California Supreme Court on direct review. The clerk of the court did not treat the habeas petition as an amendment of the previously dismissed habeas petition, but instead assigned to it a new case number. After Rasberry filed the habeas petition, the magistrate judge appointed counsel to represent him.

Appellees then moved to dismiss the current habeas petition as untimely. The magistrate judge issued a report and recommendation on December 9, 2002, recommending that the motion to dismiss be granted. Over Rasberry's timely objections, the district court adopted the findings and recommendations in full on March 27, 2003, and dismissed the habeas petition as untimely.

Rasberry timely appeals to this court.

## II

### A

We review de novo the district court's dismissal of a habeas petition for failure to comply with the statute of limitations. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1025 (9th Cir. 2005). A district court's findings of fact underlying a claim for tolling the limitations period are reviewed for clear error. *Id.*

### B

Rasberry contends that an extraordinary circumstance stood in the way of the pursuit of his rights, thereby warranting equitable tolling of the statute of limitations.[1]

[1] Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate. *Espinoza-Matthews*, 432 F.3d at 1026. The petitioner must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005).

We need not address the diligence element because we conclude that no extraordinary circumstance stood in Rasberry's way. Rasberry argues that district courts have an obligation to notify a pro se petitioner of the right to amend a habeas petition to include exhausted claims that the petitioner omitted

---

[1]Rasberry contends also that he is entitled to statutory tolling for the period between direct appeal and commencing his state petition for post-conviction relief. This argument is foreclosed by circuit precedent. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval.").

from the habeas petition—if it is apparent from the record that the petitioner meant to include the claims. According to Rasberry, it is irrelevant whether the habeas petition itself demonstrates an intent to include the omitted claims. Thus, Rasberry contends, the district court's failure to notify him of this right to amend constitutes an extraordinary circumstance. We disagree.

**[2]** The notice to which Rasberry claims entitlement is unworkable. Rasberry requests that the district court be obligated to (1) intuit the fact that Rasberry unintentionally omitted a claim from his federal habeas petition; (2) notify Rasberry of this omission; (3) advise Rasberry to amend his habeas petition to include the omitted claim, thereby making it a mixed petition; (4) advise Rasberry to again amend his petition to exclude all unexhausted claims; (5) advise Rasberry to request that the court hold his exhausted claim in abeyance while he exhausts his other claims; and, finally, (6) advise Rasberry to amend his petition to add the newly exhausted claims. Such a notice requirement would not only convert the judge into the petitioner's private counsel, but would also require the judge to guess what claims pro se petitioners had actually intended to include in their petitions.

**[3]** Additionally, such a notice requirement would run counter to the Supreme Court's holding in *Pliler v. Ford*, 542 U.S. 225, 231 (2004). In *Pliler*, the Court reversed our decision requiring district judges to warn pro se petitioners with mixed petitions that their federal claims would be time-barred upon their return to federal court. *Id.* The Court reasoned that "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," and that requiring the warning "would force upon district judges the potentially burdensome, time-consuming, and fact-intensive task of making a case-specific investigation and calculation of whether the AEDPA limitations period has already run or will have run by the time the petitioner returns to federal court." *Id.*

**[4]** District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims. *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). We decline to extend that rule to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included. Such an extension would result in a heavy burden on the district court to determine whether a petitioner who files a petition that on its face is unexhausted may have other exhausted claims that could have been raised. Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust. *See Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) ("Once [Appellee] moved for dismissal, the district court was obliged to dismiss immediately, as the petition contained no exhausted claims." (quotation marks and citation omitted)).

**[5]** Moreover, Rasberry's inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling. Although we have yet to consider whether a pro se petitioner's ignorance of the law is an extraordinary circumstance, other circuits have held that it is not. *See*, *e.g.*, *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("[T]his court has repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling." (quotation marks and citation omitted)); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation marks and citation omitted)); *Felder v. Johnson*, 204 F.3d 168, 171-72 n.10 (5th Cir. 2000) ("Our conclusion that Felder's unawareness of AEDPA's requirements is insufficient to warrant tolling is also consistent with the determinations of other courts that

have faced similar claims."). We now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. Therefore, Rasberry is not entitled to equitable tolling.

## C

Rasberry contends that even if equitable tolling does not apply, his current habeas petition is timely nonetheless because it is a mere amendment of his first habeas petition. Thus, he argues the 2001 habeas petition relates back to the timely filed 2000 petition pursuant to Federal Rule of Civil Procedure 15(c).

**[6]** Under Rule 15(c)(2), an amended habeas petition may relate back to the date when the original petition was filed. *See Mayle v. Felix*, 125 S. Ct. 2562, 2569 (2005) (noting that Rule 15(c) applies to habeas petitions). In non-AEDPA cases, we have held that relation back is not available where the district court dismissed the original habeas petition. For example, in *Henry v. Lungren*, the petitioner sought to avoid the "in custody" habeas requirement by having his current petition (filed when he was not in custody) relate back to his previous habeas petition (filed when he was in custody). 164 F.3d 1240, 1241 (9th Cir. 1999). We concluded that the relation back doctrine does not apply where the previous habeas petition was dismissed because there is nothing to which the new petition could relate back. *Id.*; *see also Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) ("[T]he 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back." (citation omitted)); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("We therefore join with all the circuit courts which have addressed this issue, and hold that a habeas petition filed after a previous petition has been dismissed without prejudice for failure to exhaust state remedies does not relate back to the earlier petition.").

Rasberry contends that the Ninth Circuit has adopted a contrary rule permitting relation back to a habeas petition previously dismissed as untimely under AEDPA. As support, he cites to *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000), where we concluded that the district court did not err in relating a second habeas petition back to a dismissed first petition. However, in *Anthony* the district court exercised its equitable power to accept the new petition *nunc pro tunc* to the date of the original habeas filing—the district court had mistakenly dismissed the first petition, so it corrected the mistake by relating the second petition back to the first. *Id.* *Anthony* does not stand for the proposition that a second habeas petition can relate back to a previously dismissed first petition, but merely endorsed the district court's exercise of its equitable power to correct a mistake. *Anthony* does not extend beyond that context.

**[7]** Accordingly, we hold that a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition. This holding does not limit the district court's equitable power to correct mistakes.

**[8]** Under this rule, Rasberry's second petition does not relate back to his earlier petition. The district court dismissed the original petition without prejudice for failing to exhaust state remedies. Rasberry failed in his attempt to reopen that judgment through a Rule 60(b) motion. *Rasberry v. Garcia*, 72 Fed. Appx. 571 (9th Cir. 2003). Thus, Rasberry cannot employ Rule 15(c) to relate his second habeas petition back to the first.

## III

We AFFIRM the district court's dismissal as untimely of Rasberry's habeas petition.