**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MERL WILLIAM HICKMAN, SR.,

    Defendant - Appellant.

No. 06-6068
(D.C. No. 06-CV-00005-L)
(D.C. No. 04-CR-00090-L)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Defendant-Appellant Merl William Hickman, Sr., a federal inmate

proceeding pro se, seeks a certificate of appealability ("COA") to appeal from the

district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or

correct sentence (submitted for filing on December 27, 2005).  Mr. Hickman pled

guilty to money laundering, 18 U.S.C. § 1957, and was sentenced to 97 months on

November 22, 2004.  Shortly thereafter, he pled guilty in state court to sixteen

counts of obtaining money by false pretenses and received a sentence on

December 27, 2004, of ten years on each count, to run consecutive to one another

and consecutive to the federal sentence.  Because we determine that Mr. Hickman

has not made a "substantial showing of the denial of a constitutional right," 28

U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss the appeal.

In his motion, Mr. Hickman attacked his state sentence. The district court concluded that it would not stay the matter and hold it in abeyance even if it were to construe the § 2255 motion as a § 2254 petition attacking the state convictions. After considering the factors in Rhines v. Weber, 544 U.S. 269, 277-78 (2005), the district court determined that the state claims had not been exhausted, and were either not cognizable in habeas or not sufficiently meritorious to warrant a stay. The district court did not pass on the diligence of Mr. Hickman. Thereafter, the district court declined to treat the motion under § 2254, and denied it pursuant to § 2255 because it did not challenge the federal sentence.

We think it is apparent that the motion is seeking § 2254 relief and should be recharacterized to correspond with its substance. See Castro v. United States, 540 U.S. 375, 381-82 (2003). On appeal, Mr. Hickman maintains that he filed a motion for appointment of counsel on appeal with the state, which he claims was ignored. He contends that he tried to exhaust his state remedies, but then went to the next level, federal court. He also argues the merits of his claims relating to his state sentence.

Rhines dealt with mixed petitions. Traditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). It is

theoretically true that a federal habeas court could deny a petition containing totally unexhausted claims. 28 U.S.C. § 2254(b)(1)(A). However, stay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first. See Rhines, 544 U.S. at 277; Rose v. Lundy, 455 U.S. 509, 519 (1982). We need not decide whether the procedure in Rhines applies to totally unexhausted petitions. If Rhines applies, the district court certainly did not abuse its discretion in declining to stay this matter given the nature of the claims. Regardless, given that the claims are entirely unexhausted, the § 2254 petition should be dismissed without prejudice. We order the district court to amend its order to recharacterize the § 2255 motion as a § 2254 petition and dismiss it without prejudice.[1]

We DENY the COA, GRANT Mr. Hickman's request to proceed IFP, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1] We recognize that a subsequent § 2254 motion probably will be time barred, but do not pass on that issue.