**Sandy HARTAWAN, Petitioner–Appellant,**

v.

**Jo Ann GORDON, Respondent–Appellee.**

No. 07–55153.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2008.

Filed Jan. 31, 2008.

John L. Littrell, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Karen Bissonette, DAG, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FARRIS and M. SMITH, Circuit Judges, and HOLLAND,\*, District Judge.

MEMORANDUM \*\*

Former California prisoner Sandy Hartawan appeals the dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

"We review de novo the district court's dismissal of a habeas petition for failure to comply with the statute of limitations." *Rasberry v. Garcia,* 448 F.3d 1150, 1153 (9th Cir.2006). Hartawan contends that the AEDPA's one-year statute of limitations is equitably tolled because he is actually innocent of the assault and robbery charges to which he pled no contest.

Assuming that the actual innocence gateway of *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), provides a basis for equitable tolling for a petitioner who pled no contest,[1] Hartawan

has failed to show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. Hartawan's claim of actual innocence is primarily based on the recantations of two percipient witnesses, Hau and Liu. Considering all the evidence that could have been presented at trial, including the recantations, we do not find it more likely than not that every juror would have believed these recantations. *See Smith,* 510 F.3d 1127, 1142. Because Hartawan failed to make the requisite showing of actual innocence, the district court did not err in dismissing his petition as untimely.

AFFIRMED.

---

\* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Although a credible claim of actual innocence will excuse a habeas petitioner's procedural default, *see Schlup,* 513 U.S. at 314–15, 115 S.Ct. 851, neither the Supreme Court nor

this court has held that a credible claim of actual innocence will toll the one-year statute of limitations. *See Majoy v. Roe,* 296 F.3d 770, 776 (9th Cir.2002). We have also recognized that there is "a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving ... no contest[ ] pleas." *Smith v. Baldwin,* 510 F.3d 1127, 1140 n. 9 (9th Cir.2007) (en banc).