MEMORANDUM **
California state prisoner Kevin Bartholomew appeals pro se from the district court’s judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
Bartholomew contends that he is entitled to equitable tolling due to his lack of legal knowledge and because he had limited access to the law library. To establish a claim for equitable tolling, Bartholomew must show “(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.” See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Bartholomew has not shown that limited access to the library was the proximate cause of his delay in filing the federal habeas petition. See EspinozaMatthews v. California, 432 F.3d 1021, 1026 (9th Cir.2005). Moreover, a pro se petitioner’s lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.2006). Additionally, Bartholomew has not shown the requisite diligence in pursuing his habeas claims. Accordingly, this contention fails.
To the extent that Bartholomew presents arguments for the first time in his reply brief, we decline to consider them. See United States v. Wright, 215 F.3d 1020, 1030 n. 3 (9th Cir.2000).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.