**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARTHUR TORLUCCI

Petitioner - Appellant,

v.

MICHAEL S. EVANS

Respondent - Appellee.

No. 07-56794

D.C. No. CV-04-09878-GHK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted December 7, 2009
Pasadena, California

Before: PREGERSON and PAEZ, Circuit Judges, and MAHAN,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Petitioner-Appellant Arthur Torlucci (hereinafter "petitioner"), a California state prisoner, appeals the district court's finding that his 28 U.S.C. § 2254 habeas corpus petition is time-barred by the statute of limitations created by Antiterrorism and Effective Death Penalty Act of 1996's (hereinafter "AEDPA"). We have jurisdiction pursuant to 28 U.S.C. § 2253.

We review *de novo* a district court's decision to dismiss a § 2254 habeas petition as untimely. *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006); *King v. Roe*, 340 F.3d 821, 822 (9th Cir. 2003). Findings of fact underlying a claim for tolling the limitation period are reviewed for clear error. *Raspberry*, 448 F.3d at 1153.

Because the parties are well acquainted with the facts and procedural history of this case, no further elaboration is necessary. For the reasons discussed below, we affirm.

## I.  Interval Tolling

We agree with the district court that petitioner is not entitled to interval tolling. Petitioner's conviction became final on July 21, 1998. Absent tolling, the statute of limitations would have expired on July 21, 1999. Petitioner's first filing was 331 days after his judgment became final, and his second filing was eight months after that. As discussed below, petitioner is not entitled to interval tolling for either of these periods; therefore, his federal petition, filed five years later, is

untimely.

Petitioner's first habeas petition, filed in the California Court of Appeal on April 17, 1998, and summarily denied on May 18, 1998, was incapable of tolling the statute of limitations because it was filed before petitioner's conviction was final. *See* 28 U.S.C. §2244(d)(1). Petitioner is not entitled to interval tolling for the 331 day gap between the filing of his April 17, 1998, petition and the filing of his April 15, 1999, petition because he raised different claims in each petition. *Gaston v. Palmer*, 417 F.3d 1030, 1043 (9th Cir. 2005) (holding "a California habeas applicant is not entitled to interval tolling if he abandons all of his claims in his first application and his second application sets forth new and different claims").

Petitioner is likewise not entitled to tolling for the eight month interval between the Los Angeles County Superior Court's denial of petitioner's April 15, 1999, habeas petition and the filing of his January 19, 2000, California Court of Appeal habeas petition because petitioner failed to point to particular circumstances to explain the delay. *See Evans v. Chavis*, 546 U.S. 189, 201 (2006) (holding an unjustified six month delay in filing could not "fall within the scope of the federal statutory word 'pending'"). *See also In re Clark,* 855 P.2d 729, 738 (Cal. 1993). Further, petitioner failed to point to particular circumstances to explain the substantial delay, as the California Supreme Court requires. *In re*

*Clark*, 855 P.2d 729, 738 (Cal. 1993).

Additionally, petitioner's state habeas petitions, filed after his January 19, 2000, habeas petition, could not toll the statute of limitations because it had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

## II. Equitable Tolling

We also agree with the district court's finding that petitioner is not entitled to equitable tolling for the gaps between his filings because he suffers from bipolar disorder. The district court's decision was based upon: 1) the magistrate judge's extensive review of petitioner's mental health records between 1995 and 2005 (some 775 pages); 2) petitioner's expert's report; and 3) the magistrate judge's subsequent determination that petitioner was competent. Indeed, petitioner's mental health evaluations reflected, and his own expert testified, that petitioner's thought process was within normal limits during the pertinent time period.

Consequently, we affirm the district court's dismissal of petitioner's federal habeas petition as untimely.

**AFFIRMED.**