**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE PEREZ, | No. 09-16261 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01344-MCE |
| v. | |
| DERRAL G. ADAMS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted December 6, 2010[**]

Before:     GOODWIN, RYMER, and GRABER, Circuit Judges.

California state prisoner Jose Perez appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely.  We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

Perez contends that he is entitled to equitable tolling of the Antiterrorism

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and Effective Death Penalty Act's one-year statute of limitations, due to his lack of legal sophistication, abandonment by appellate counsel, and other circumstances beyond his control. Perez's contention fails because a pro se petitioner's lack of legal sophistication is not an extraordinary circumstance warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Moreover, because there is no constitutional right to the effective assistance of counsel in state post-conviction proceedings, attorney negligence does not amount to an extraordinary circumstance sufficient to warrant equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1066-68 (9th Cir. 2002). Similarly, Perez has failed to establish that any of his remaining contentions entitles him to equitable tolling.

**AFFIRMED.**