**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD DAVID BAKER, | No. 09-17371 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-01608-LKK-CMK |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, Director; M. MARTEL, Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted May 15, 2012[**]
San Francisco, California

Before: REINHARDT, CLIFTON, and N.R. SMITH, Circuit Judges.

Ronald David Baker filed an untimely federal habeas petition. Baker

appeals the dismissal of his petition based upon the district court's determination

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

that Baker is not entitled to equitable tolling on account of his limited reading and writing abilities. Baker also argues that he should be entitled to an evidentiary hearing to further support his contention that his limited reading and writing abilities warrant equitable tolling. We affirm.

We do not address the district court's determination that Baker's habeas petition was untimely under the statutory timing requirements, even with the inclusion of statutory tolling for his state petitions, because Baker does not challenge that determination. As to equitable tolling, Baker's evidence of his limited reading and writing abilities does not establish a mental condition that would amount to extraordinary circumstances. See Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (establishing that proof of extraordinary circumstances is one of two required elements for equitable tolling).

Establishing extraordinary circumstances requires proof that conditions "beyond a prisoner's control make it impossible to file a petition on time." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (internal quotation mark omitted). Baker's evidence does not establish any impossibility due to mental condition or any other extraordinary circumstance. Low literacy levels, lack of legal knowledge, and need for some assistance to prepare a habeas petition are not extraordinary circumstances to warrant equitable tolling of an untimely habeas

2

petition. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009); see also Hughes v. Idaho State Bd. Of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

Additional evidence would not lead to a different determination and thus an evidentiary hearing is unnecessary. "A habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (quoting Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003)). As discussed above, any further evidence of low literacy and lack of legal knowledge could not amount to an extraordinary circumstance to warrant equitable tolling. Thus, the district court appropriately dismissed the habeas petition without an evidentiary hearing.

Finally, Baker also requests that we take judicial notice of an expert declaration submitted in the record of another federal habeas case, Bills v. Clark, No. 08-17157, which declaration apparently states the position that preparation of a habeas petition requires at minimum a high school level of reading and writing. We deny the motion because this is not an uncontroverted fact for which judicial notice would apply. "As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal

3

introduction of evidence, facts essential to support a contention in a cause then before it." <u>M/V American Queen v. San Diego Marine Constr. Corp.</u>, 708 F.2d 1483, 1491 (9th Cir. 1983).

**AFFIRMED.**