NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE BARAJAS, | No. 11-55364 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-06338-R |
| v. | |
| GERALD J. JANDA, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Jorge Barajas appeals from the district court's judgment dismissing his 28

U.S.C. § 2254 habeas petition as untimely.  We have jurisdiction under 28 U.S.C.

§ 2253, and we affirm.

Barajas contends that he is entitled to equitable tolling of AEDPA's statute

of limitations on account of his attorney's misconduct and prison lockdowns.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo the dismissal of a section 2254 habeas petition on statute of limitations grounds. *See Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Barajas's claim to tolling fails because he has not established that the alleged impediments were "extraordinary circumstances" that prevented timely filing of his federal petition. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Instead, the record reflects that the cause of his late filing was his lack of legal knowledge, a circumstance that does not provide a basis for equitable tolling. *See Rasberry*, 448 F.3d at 1154. Barajas's claim to tolling also fails because he did not exercise reasonable diligence in pursuing his rights. *See Lakey v. Hickman*, 633 F.3d 782, 786-87 (9th Cir. 2011).

Barajas next contends that he is entitled to invoke the actual innocence gateway to review notwithstanding his late filing. Even if the actual innocence gateway applies in the case of a no-contest plea, the exception is unavailable here because Barajas has not "show[n] that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (internal quotations omitted).

Because the record is sufficiently developed to permit resolution of Barajas's timeliness arguments, we deny his request that we remand for an evidentiary hearing.

**AFFIRMED.**

11-55364