**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THJIN LISA; ARIFIN SUTANTO DJAP; and VENNY JUNIATY, | No. 10-73629 |
| Petitioners, | Agency No. A89-253-850<br>A89-253-851<br>A89-253-852 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2014[**]
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and BYBEE, Circuit Judges.

Petitioners requested a review of the BIA's denial of their claims for asylum,

withholding of removal, and protection under the Convention Against Torture. We

review under the substantial evidence standard. *Gallegos-Vasquez v. Holder*, 636

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1181, 1184 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

An alien must apply for asylum within one year of arriving in the United States, but late filings are permitted if "extraordinary circumstances" exist that are directly related to the petitioner's inability to timely file. 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 208.4(a)(5); *Singh v. Holder*, 656 F.3d 1047, 1055–56 (9th Cir. 2011). Lisa's poor health was not directly related to her delayed filing because she could still work and perform most daily functions, displaying a general capability to file. Also, she admitted that she was not aware of the asylum process until after the one-year deadline expired. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Lisa has not proven extraordinary circumstances to justify her late filing.[1]

With respect to Lisa's claim for withholding of removal, the BIA relied on substantial evidence in finding that petitioners failed to show either past persecution or a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42)(A). The BIA reasonably concluded that the ATM robbery and the burning of Lisa's garment business were random acts of violence during a period

---

[1] The petition for review includes the denial of the husband's and daughter's claims, but it does not make any separate arguments regarding either of them. Consequently, we treat their positions here as derivative of Lisa's.

of civil unrest, not amounting to persecution. *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004); *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000). Further, substantial evidence supported the BIA's determination that a wage dispute was the root cause of the subsequent destruction of Lisa's home worksite. Thus, Lisa failed to establish past persecution, so she is not entitled to the presumption of a well-founded fear of future persecution. *See Deloso v. Ashcroft*, 393 F.3d 858, 863 (9th Cir. 2005).

Lisa also did not show an "objectively reasonable" well-founded fear of future persecution. *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). To be objectively reasonable, the fear must be based on individualized targeting or "a pattern or practice of persecution." *Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009). Here, Lisa only alleged generalized harms where she was not specifically targeted. Further, we have held that conditions have improved significantly in Indonesia for Chinese Christians to where there is not a pattern or practice of persecution sufficient to make a fear of future persecution objectively reasonable. *Id.* at 978; *see Lolong v. Gonzalez*, 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc).

Because petitioners do not qualify for asylum, they also do not qualify for withholding of removal. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 n.4 (9th Cir. 2014). In addition, petitioners have not shown "that it is more likely than

3

not that [they] will be tortured." *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001) (internal quotation marks omitted).  Therefore, the petition for review of these claims is also denied.

**DENIED.**