NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 1 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHANTHA KONG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1981

Agency No.
A027-316-272

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 16, 2024
San Francisco, California

Before: GOULD, BEA, and MENDOZA, Circuit Judges.

Chantha Kong, a native and citizen of Cambodia, petitions for our review of

the BIA's decision that declined to reopen his immigration proceedings. In 2007,

Kong was convicted of possession of a firearm by a felon under California state

law. Because possession of a firearm by a felon was treated as a removable

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

offense at the time of his conviction, Kong was ordered removed on July 2, 2007. In 2016 or 2017, Kong learned that, due to a change in law, his California state conviction for possession of a firearm by a felon may no longer be a removable offense, and that he may be able to reopen his immigration case. Kong moved to reopen his immigration case on July 13, 2020. On August 20, 2020, the immigration judge denied Kong's motion to reopen. On November 9, 2022, the BIA dismissed Kong's appeal. Kong now petitions for review and argues that the BIA erred by: (1) finding that Kong was not entitled to equitable tolling; (2) declining to reopen his case *sua sponte*; and (3) failing to use meticulous care in evaluating his claims. We have jurisdiction under 8 U.S.C. §§ 1251(a)(1), (b)(6). We deny the petition for review.

"We review the denial of a motion to reopen for abuse of discretion." *Bent v. Garland*, 115 F.4th 934, 939 (9th Cir. 2024). "[B]ut [we] review purely legal questions de novo." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyann v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014) (cleaned up) (citation omitted).

1.      The BIA did not abuse its discretion in concluding that Kong's case does not warrant equitable tolling. A petitioner normally has ninety days to file a

motion to reopen removal proceedings from "the date of entry of a final administrative order of removal." 8 U.S.C. §1229a(c)(7)(C)(i). Kong filed his petition more than thirteen years after the immigration judge's final order of removal. But lateness is not an absolute bar from relief; the deadline for a motion to reopen is subject to equitable tolling. "A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Bent*, 115 F.4th at 941 (quoting *Holland v. Florida*, 560 U.S. 631, 634 (2010)).

The BIA held that, even if the filing deadline was tolled until Kong discovered that his offense was no longer grounds for removal, Kong did not diligently pursue his rights between that 2016/2017 discovery and his 2020 filing of a petition to reopen. Other than periodically checking in with attorneys who informed him that they could not help pursue a motion to reopen his case, Kong "did not provide evidence of any [] efforts he took to file his motion[.]" And a petitioner's lack of legal knowledge or counsel, absent other factors, is typically inadequate to toll the filing deadline. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Given the years' long delay in filing and the relatively minor steps that Kong took to pursue his claims between 2016/2017 through 2020, the BIA did not abuse its discretion in declining to apply equitable tolling to Kong's motion.

2.	Kong next argues that the BIA erred in failing to reopen his case *sua sponte*.  In *Bonilla*, we held that the BIA's decision to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is discretionary and reviewable only "for the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error."  840 F.3d at 581.  Kong contends that we must re-evaluate our precedent in light of the Supreme Court's holding in *Wilkinson v. Garland*, 601 U.S. 209 (2024) and find that *sua sponte* decisions to reopen are reviewable. But *Wilkinson* concerned an unrelated statute containing unrelated language, and a question of interpretation not at issue here.  601 U.S. at 212.  Importantly, the Supreme Court did not hold that exercises of pure discretion, such as a failure to *sua sponte* reopen under 8 C.F.R. § 1003.2(a), are now subject to review.  *See generally id*. at 221, 225.  Our precedent remains good law, and we may only review the BIA's denial of *sua sponte* reopening for legal or constitutional error.  *See Bonilla*, 840 F.3d at 581.  Because no legal or constitutional error is evident on the record, we lack jurisdiction to review the BIA's decision declining to reopen Kong's case *sua sponte*.

3.	Finally, Kong contends that BIA failed to handle his case with the "meticulous care" required by the Supreme Court in *Bridges v. Wixon*, 326 U.S. 135 (1945).  *Bridges* held that "[m]eticulous care must be exercised lest the *procedure* by which [a petitioner] is deprived of that liberty [of remaining in the

US] not meet the essential standards of fairness." 326 U.S. at 154 (emphasis added). Kong makes only one allegation about improper procedure: he urges that the BIA improperly assigned his case to a single judge, rather than to a three-judge panel.

Under 8 C.F.R. § 1003.1(e)(6), BIA "[c]ases may only be assigned for review by a three-member panel if the case presents" one of an enumerated set of circumstances. Nowhere in the regulation does it state that a case presenting one of those circumstances *must* be presented to a three-judge panel. *See* 8 C.F.R. § 1003.1(e)(6). Further, we have previously found that use of a single judge in place of a panel does not violate due process. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir. 2003). We conclude that the BIA did not fail to exercise "meticulous care" by assigning Kong's case to a single judge rather than to a three-judge panel.

**PETITION FOR REVIEW DENIED.**