NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 10 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GONZALO HERIBERTO BARRERA-
LANDAVERDE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   18-70550
      19-71514

Agency No. A076-376-815

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2024[**]
Pasadena, California

Before:  BEA, LEE, and KOH, Circuit Judges.

Petitioner Gonzalo Heriberto Barrera-Landaverde, a native and citizen of El

Salvador, was ordered removed *in abstentia* by an Immigration Judge ("IJ") on

December 20, 2016. Petitioner now seeks review of two orders of the Board of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals ("BIA") denying two successive motions he filed to reopen his case.

Where, as here, the BIA issues its own decision and does not adopt the IJ's decision, the Court reviews only the BIA's decision. *Aden v. Holder*, 589 F.3d 1040, 1043 (9th Cir. 2009). The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021). A decision is an abuse of discretion if it is "arbitrary, irrational, or contrary to law." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) (citation omitted). Legal and constitutional questions, including the sufficiency of a Notice to Appear ("NTA"), are reviewed *de novo*. *See Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1184 (9th Cir. 2011).

Except as otherwise noted, we have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition in case no. 19–71514. We dismiss in part for lack of jurisdiction and deny in part the petition in case no. 18–70550.

1.      An order of *in abstentia* removal may, as relevant here, "be rescinded only . . . upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). Petitioner filed his first motion to reopen on August 8, 2017, approximately eight months after he was ordered removed *in abstentia* on December 20, 2016, and after he was detained by

Immigration and Customs Enforcement ("ICE"). The IJ accordingly found his motion was untimely because it was outside of the 180-day deadline set by the statute. The BIA affirmed on the ground that his motion was untimely.[1]

Petitioner argues the BIA abused its discretion in failing to properly consider his argument that the 180-day deadline should have been equitably tolled. Although our review of the BIA's decision is generally limited to the reasons the agency has given, "the [BIA] does not have to write an exegesis on every contention." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n. 6 (9th Cir.2004)). Rather, "[w]hat is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* "[A] reviewing court must 'uphold' even 'a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *Garland v. Ming Dai*, 593 U.S. 357, 369 (2021) (quoting *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974)).

Here, the BIA did not explicitly discuss equitable tolling, but the record suggests it adequately considered the issue. The BIA found petitioner's motion to

---

[1] Petitioner argues that the BIA abused its discretion in finding he had not established exceptional circumstances warranting recission of the removal order. However, this argument is irrelevant, because the BIA never reached the exceptional circumstances issue, instead relying exclusively on the untimeliness of petitioner's motion to reopen in denying it.

reopen "untimely," wrote it "consider[ed] . . . the record as a whole," and held that petitioner "presented insufficient evidence of circumstances that would justify a discretionary grant of his untimely motion to reopen and the extraordinary remedy of reopening his removal proceedings *sua sponte.*" Before the BIA, petitioner advanced his equitable tolling and *sua sponte* reopening arguments in the same, short section of his brief, and relied on the same evidence and arguments for both. Therefore, implicit in the above findings by the BIA was a rejection of petitioner's equitable tolling argument.

Further, petitioner's equitable tolling argument before the BIA was extremely perfunctory. Petitioner advanced this argument in barely four sentences, cited to just a single case—which was not factually on-point—and did not offer any authority suggesting that equitable tolling was appropriate in petitioner's circumstances. Given how weak the argument was, the reasons why the BIA rejected it "are reasonably discernible" and the BIA was not required to "use any particular words" in doing so. *Ming Dai*, 593 U.S. at 369; *see also Park v. Garland*, 72 F.4th 965, 977 (9th Cir. 2023) ("We do not require that the agency engage in a lengthy discussion of every contention raised by a petitioner." (internal quotation marks omitted)).

Even if the BIA did not adequately consider petitioner's equitable tolling argument, remand to the BIA would be unnecessary, because we "have no doubt

that the BIA would reach the same decision if we asked it to focus more closely on" the issue. *Najmabadi*, 597 F.3d at 991; *see also see Gutierrez-Zavala v. Garland*, 32 F.4th 806, 810 (9th Cir. 2022) (stating that "there is an 'exception [to the remand requirement] based upon subjective certainty with respect to the outcome of the agency decision upon remand" (quoting *Arnold v. Morton*, 529 F.2d 1101, 1105 (9th Cir. 1976))).

"A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Bent v. Garland*, 115 F.4th 934, 941 (9th Cir. 2024) (citation omitted). Petitioner concedes that he was aware of the date of his December 20, 2016 hearing, but chose not to attend. At the point that he failed to attend the hearing, he was on notice of the need to file a motion to reopen. Petitioner does not argue that he was unaware of the 180-day deadline to file a motion to reopen. And yet, petitioner failed to do so until two months after the 180-day deadline expired and after he had been detained by ICE.

To support his equitable tolling argument, petitioner claimed that he suffered a "violent attack" that resulted in bruises and a black eye, and "[h]is financial situation prevented him from seeking care and obtaining an attorney to address the situation." Petitioner does not explain how this assault, which occurred two weeks

5

before the December 20, 2016 hearing, prevented him from filing a motion to reopen for approximately eight months after the hearing. Similarly, petitioner's inability to pay his attorney would not have prevented him from filing a motion to reopen *pro se*. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Given that petitioner has not offered any authority to support equitable tolling on facts similar to his, remand is unnecessary.

2.      Petitioner argues the BIA erred in refusing to exercise its discretionary authority to reopen his case *sua sponte*. Appellate courts generally "lack jurisdiction to review the Board's decision not to invoke its *sua sponte* authority to reopen proceedings." *Go v. Holder*, 744 F.3d 604, 609–10 (9th Cir. 2014). Courts "may only exercise jurisdiction over BIA decisions denying sua sponte reopening 'for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.'" *Cui v. Garland*, 13 F.4th 991, 1001 (9th Cir. 2021) (quoting *Bonilla*, 840 F.3d at 588).

Here, the sole legal error that petitioner identifies that might justify jurisdiction is the alleged deficiency in the NTA that initiated his removal proceedings. This argument is identical to that raised in petitioner's second motion to reopen. Because, as explained below, this argument lacks merit, petitioner has

not identified any legal or constitutional error in the BIA's refusal to reopen the matter *sua sponte*, and accordingly, we lack jurisdiction to review that decision. We dismiss this portion of the petition.

3.       Petitioner subsequently filed a second motion to reopen and terminate proceedings based upon the Supreme Court's decision in *Pereira v. Sessions*, 585 U.S. 198 (2018). Petitioner argued that the NTA that initiated his removal proceedings was defective in that it lacked a time, date and location for the hearing, and thus jurisdiction over the removal proceedings never vested with the immigration court. Citing the BIA's prior decision in *Matter of Bermudez-Cota*, 27 I&N Dec. 441 (BIA 2018), and this court's decision in *Karingithi v. Whitaker,* 913 F.3d 1158 (9th Cir. 2019), the BIA held that the defective NTA did not deprive the immigration court of jurisdiction and denied the motion. Petitioner argues the BIA's decision constituted an abuse of discretion.

Petitioner's jurisdictional argument is squarely foreclosed by this Court's en banc decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th Cir. 2022). That case held that "[n]othing in the INA, . . . conditions an immigration court's adjudicatory authority on compliance with rules governing notices to appear, whether statutory or regulatory." *Id.* at 1191–92 (internal quotation marks and citations omitted). Rather, the requirements surrounding the contents of an NTA are "claim-processing rule[s] not implicating the court's adjudicatory

authority." *Id.* at 1191. Accordingly, any deficiency in the NTA did not undermine the jurisdiction of the immigration court over petitioner's removal proceedings.

Petitioner was provided with the missing information concerning the date, time, and location of his initial hearing just five days after he received the NTA and well before the initial hearing date, which hearing petitioner in fact attended. The subsequent provision of the missing information likely remedied any defect in the NTA. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (holding that "the appropriate remedy" for an NTA that does not contain the required address information is "providing the alien and the government with the complete notice at a later time"); *Karingithi*, 913 F.3d at 1162 (holding that subsequent notice containing date and time of removal proceeding cured lack of such information in the NTA). Further, petitioner has not shown he suffered any prejudice from the defect in his NTA. *See Kohli v. Gonzales*, 473 F.3d 1061, 1066 (9th Cir. 2007). Petitioner in fact attended the initial hearing and other hearings before the IJ for approximately three years. Accordingly, petitioner cannot show the BIA erred in denying his motion to reopen based on the purportedly defective NTA.

**PETITION IN CASE NO. 19–71514 DENIED. PETITION IN CASE NO. 18–70550 DISMISSED IN PART AND DENIED IN PART.**