**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REYNALDO ALVAREZ-
CRUZ; MILAGROS ALVAREZ-DEL
TORO,

    Petitioners,

 v.

PAMELA BONDI, Attorney General,

    Respondent.

No. 24-874

Agency Nos.
A022-775-656
A024-459-368

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2025[**]
Pasadena, California

Before: NGUYEN, FORREST, and VANDYKE, Circuit Judges.

 Reynaldo Alvarez-Cruz and Milagros Alvarez-del Toro petition for review

of a decision by the Board of Immigration Appeals ("BIA") denying their motion

to reopen exclusion proceedings. We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252(a)(1) and 28 U.S.C. § 2342(7). *See Mata v. Lynch*, 576 U.S. 143, 147–48 (2015). Reviewing for abuse of discretion, *see Bent v. Garland*, 115 F.4th 934, 939 (9th Cir. 2024), we deny the petition.

1. The state court orders granting petitioners relief under California Penal Code section 1473.7 did not preclude the BIA from evaluating petitioners' diligence in moving to reopen. "Issue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *Wright v. Beck*, 981 F.3d 719, 738 (9th Cir. 2020) (cleaned up) (quoting *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 387 (Cal. 2015)). Petitioners do not meet the last three requirements.

The diligence required by section 1473.7 and the diligence required to equitably toll the limitations period for a motion to reopen measure different time periods. *Compare* Cal. Penal Code § 1473.7(b)(2), *with Bent*, 115 F.4th at 942. In petitioners' state cases, the prosecution did not dispute diligence, and the courts neither made an express finding nor were required to resolve the issue to grant relief. *See* Cal. Penal Code § 1473.7(b)(1), (e)(4). And petitioners assert issue preclusion against a party—the U.S. Attorney General—who was not a party to the criminal proceedings and is not in privity with the State of California. Therefore, issue preclusion does not apply.

2. The BIA did not abuse its discretion by concluding that petitioners failed to show the diligence and extraordinary circumstances necessary for equitable tolling. "[T]he proper starting point for measuring diligence in this case is when a reasonable person in [petitioners'] position would be put on notice of the error underlying [their] motion to reopen." *Bent*, 115 F.4th at 942. That occurred in 1992, when petitioners learned that their "plea[s] and resulting conviction[s] carried adverse immigration consequences," *id.*, and not, as they argue, upon "the vacatur of the convictions."

Even if petitioners exercised diligence and were prevented from vacating their convictions prior to 2017, when section 1473.7 took effect, they subsequently waited more than five years before seeking relief in state court. Although they claim—without evidentiary support—to have sought the advice of counsel "[u]pon discovering the existence of" section 1473.7(a) in October 2021, "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

**PETITION DENIED.**