**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRIAN JOSEPH MCMONAGLE,
*Petitioner-Appellant*,

v.

DON L. MEYER, Chief Probation
Officer, Sacramento County,
*Respondent-Appellee*.

No. 12-15360

D.C. No.
2:11-cv-02115-
GGH

OPINION

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding

Argued and Submitted En Banc
June 18, 2015—San Francisco, California

Filed October 6, 2015

Before: Sidney R. Thomas, Chief Judge and Harry
Pregerson, Barry G. Silverman, M. Margaret McKeown,
Kim McLane Wardlaw, Richard R. Clifton, Consuelo M.
Callahan, Milan D. Smith, Jr., Morgan Christen, Jacqueline
H. Nguyen and Michelle T. Friedland, Circuit Judges.

Opinion by Judge Nguyen

## SUMMARY[*]

### Habeas Corpus

The en banc court reversed the district court's judgment dismissing as untimely under the Antiterrorism and Effective Death Penalty Act Brian McMonagle's habeas corpus petition challenging his California misdemeanor conviction for driving while under the influence of alcohol, and remanded for the district court to consider the petition on the merits.

The en banc court held that because California declares misdemeanor convictions to be final immediately upon the California Court of Appeal's denial of a petition to accept transfer of a case, McMonagle's misdemeanor conviction became final for AEDPA's purposes 90 days after the Court of Appeal's denial of his request for such a transfer, and that his federal habeas petition, filed more than a year after the end of the 90-day period, was, even allowing statutory tolling for the 36-day period in which his application for state habeas relief was pending, untimely under AEDPA.

The en banc court overruled *Larche v. Simons*, 53 F.3d 1068 (9th Cir. 1995), which held that California misdemeanants must seek habeas relief from the California Supreme Court in order to fully exhaust their claims. The en banc court explained that *Larche* created undue

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

confusion, particularly in the wake of AEDPA's enactment, and unduly restricted California's ability to dictate its own systems of appellate review.

The en banc court concluded that McMonagle, who relied on *Larche* to fully exhaust his state remedies before seeking federal habeas review, is entitled to equitable tolling under the particular circumstances of this case.

## COUNSEL

Charles Marchand Bonneau, II (argued), Sacramento, California, for Petitioner-Appellant.

Brian G. Smiley (argued), Supervising Deputy Attorney General, Office of the California Attorney General, Sacramento, Californias, for Respondent-Appellee.

## OPINION

NGUYEN, Circuit Judge:

Brian McMonagle seeks federal habeas review of a California misdemeanor conviction for driving while under the influence of alcohol. The district court dismissed McMonagle's petition as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and he appealed. In order to determine the timeliness of McMonagle's petition, we must decide when his misdemeanor conviction became final for the purposes of AEDPA's one-year limitation period.

This timeliness inquiry is complicated by the overlap of California's procedures for direct review of misdemeanors, which often ends at the Court of Appeal, and our decision

in *Larche v. Simons*, 53 F.3d 1068 (9th Cir. 1995), which requires California misdemeanants to exhaust their state remedies by filing a habeas petition with the California Supreme Court. *Larche*, however, was decided before AEDPA's enactment and dealt with exhaustion of state court remedies, not finality for purposes of AEDPA. We nevertheless recognize that *Larche* creates needless confusion for California misdemeanants seeking federal habeas review, and we now overrule it.

Here, relying on *Larche*, McMonagle fully exhausted his state remedies before seeking federal habeas review, and filed his habeas petition outside of AEDPA's limitations period. Although his petition is untimely, we conclude under the particular circumstances of this case that he is entitled to equitable tolling. We therefore reverse and remand for the district court to review his petition on the merits.

# I

On November 21, 2008, a California jury convicted Brian McMonagle of two misdemeanor offenses of driving while under the influence of alcohol ("DUI") and driving with a blood alcohol level of .08% or higher. The jury also found that McMonagle's blood alcohol level was .15% or more, a relevant sentencing factor. *See* Cal. Vehicle Code § 23578. McMonagle followed the state procedures for appellate review of misdemeanor convictions. First, he appealed to the appellate division of the Superior Court of California rather than the California Court of Appeal. On December 18, 2009, the appellate division reversed McMonagle's conviction for driving with a blood alcohol level of .08% or more and the jury's finding that his blood alcohol level was .15% or more. It concluded that the trial court violated McMonagle's rights under the Confrontation

Clause when it admitted the results of the blood alcohol analysis without requiring the analyst who prepared the report to testify. The court affirmed McMonagle's DUI conviction, however, in light of evidence beyond his blood alcohol level indicating that he had driven while intoxicated.

McMonagle then requested that the appellate division certify his case to the California Court of Appeal for further review. *See* Cal. R. Ct. 8.1005. Following the appellate division's denial of certification on January 19, 2010, McMonagle timely petitioned the Court of Appeal to accept transfer of his case. *See* Cal. R. Ct. 8.1006. On February 11, 2010, the Court of Appeal denied the transfer. On April 7, 2010, McMonagle filed a habeas petition with the California Supreme Court, which rejected his petition on June 17, 2010.

On August 10, 2011, McMonagle filed a petition for federal habeas relief in the Eastern District of California. The district court granted the State's motion to dismiss, finding the petition to be untimely filed under AEDPA. The district court concluded that direct review of McMonagle's conviction in the California courts ended on February 11, 2010—when the Court of Appeal denied McMonagle's transfer request. Thus, his conviction became final on May 12, 2010, the close of the ninety-day period in which McMonagle could have sought further review of the decision from the United States Supreme Court—and AEDPA's one-year statute of limitations began to run the following day. Even allowing McMonagle statutory tolling under 28 U.S.C. § 2244(d)(2) for the 36-day period in which his application for state habeas relief was pending, under the district court's calculation, his August 10, 2011 petition for federal habeas relief was still untimely.

McMonagle appealed to this court, and a divided three-judge panel reversed, finding McMonagle's petition to be timely filed. *McMonagle v. Meyer*, 766 F.3d 1151, 1158 (9th Cir. 2014). A majority of the nonrecused active judges on our court then voted to rehear McMonagle's case en banc. *McMonagle v. Meyer*, 782 F.3d 554 (9th Cir. 2015).

## II

We have jurisdiction under 28 U.S.C. § 2253, and review "[t]he timeliness of the federal habeas petition . . . *de novo*." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

## III

California misdemeanor appeals follow a different track than do felony appeals. By statute, misdemeanants appeal their convictions to the appellate division of the Superior Court in which they were convicted. Cal. Pen. Code § 1466. If the appellate division affirms the conviction, the misdemeanant may then request certification of the case for transfer to the California Court of Appeal for further review. Cal. R. Ct. 8.1005(b). "The appellate division may certify a case for transfer . . . if it determines that transfer is necessary to secure uniformity of decision or to settle an important question of law." Cal. R. Ct. 8.1005(a)(1). If certification is denied, the misdemeanant may petition the Court of Appeal directly to accept transfer of the case. Cal. R. Ct. 8.1002, 8.1006. Court rules similarly direct the Court of Appeal to consider whether transfer would "secure uniformity . . . or . . . settle an important question of law." Cal. R. Ct. 8.1002. "If the Court of Appeal denies transfer of a case from the appellate division of the superior court . . . the denial is final immediately," Cal. R. Ct. 8.1018(a), and the misdemeanant may not appeal the denial to the California Supreme Court, Cal. R. Ct. 8.500(a)(1).

Here, we must decide when within the state's misdemeanor review process McMonagle's conviction became final for purposes of AEDPA: when his request for transfer to the state Court of Appeal was denied or when the California Supreme Court denied his state habeas petition. We conclude that because California declares misdemeanor convictions to be final immediately upon the denial of transfer by the Court of Appeal, direct review of McMonagle's misdemeanor conviction ended at this point. Therefore, his conviction became final for AEDPA's purposes ninety days after the denial of the transfer.

## A

"As one of its many reforms, AEDPA instituted a one-year limitations period for collateral attacks by federal and state prisoners." *United States v. Garcia*, 210 F.3d 1058, 1059 (9th Cir. 2000). The relevant provision reads as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . [t]he date on which the judgment became *final by the conclusion of direct review* or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A) (emphasis added). For AEDPA purposes, "direct review" includes the ninety-day period in which the appellant may petition for a writ of certiorari from the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999). It does not, however, include time that an appellant seeks further review of his conviction through collateral proceedings. "The time during which a properly filed application for

State post-conviction or other collateral review . . . is pending" is tolled during the running of the statute of limitations, 28 U.S.C. § 2244(d)(2), but it does not delay the start of the limitations period. *See White v. Klitzkie*, 281 F.3d 920, 924 (9th Cir. 2002) ("[T]he question of when a conviction becomes final, so as to start the running of the statute of limitations under § 2244(d)(1)(A), is fundamentally different from the question of how long the statute of limitations is tolled under § 2244(d)(2).").

"[T]he question of when a conviction becomes 'final by the conclusion of direct review,' thus triggering the one-year statute of limitations under AEDPA, is a question of federal law." *Summers v. Schriro*, 481 F.3d 710, 714 (9th Cir. 2007) (quoting 28 U.S.C. § 2244(d)) (citation omitted); *see also Clay v. United States*, 537 U.S. 522, 531 (2003) (noting that, for AEDPA's purposes, "finality . . . is to be determined by reference to a uniform federal rule."). But this federal question is "heavily informed" by looking to state law to determine when direct review in state court has ended. *Schriro*, 481 F.3d at 714; *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 654–55 (2012) (looking to "state-court filing deadlines when petitioners forgo state-court appeals" to determine finality); *Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001) (looking to Washington law to determine when direct review of a Washington conviction concluded).

In this case, we look to California law to determine when direct review of a California misdemeanor conviction concludes. McMonagle appealed his conviction through the proper channels, appealing first to the appellate division of the Superior Court, then requesting certification to the Court of Appeal, and finally, directly asking the Court of Appeal to order transfer of his case. The Court of Appeal denied transfer on February 11, 2010. Because California

law makes clear that such denial is "final immediately," Cal. R. Ct. 8.1018(a), and no further appeal to the California Supreme Court is available, Cal. R. Ct. 8.500(a)(1), direct review of his conviction ended at this point. McMonagle's conviction therefore became "final" for AEDPA's purposes on May 12, 2010, the close of the ninety-day period in which he could have sought a writ of certiorari from the United States Supreme Court, *see Bowen*, 188 F.3d at 1159, and AEDPA's one-year statute of limitations began to run the following day. Granting him statutory tolling under § 2244(d)(2) for the 36-day period in which his application for state habeas relief was pending, McMonagle's deadline to file for federal habeas relief was June 17, 2011. McMonagle's August 10, 2011 petition was therefore untimely by almost two months.

With respect to the triggering of AEDPA's one-year limitation period, it is of no significance that McMonagle filed a state habeas petition seeking collateral review of his conviction. As noted, he is entitled to statutory tolling during the pendency of his state habeas petition, *see* 28 U.S.C. § 2244(d)(2), but the filing of collateral proceedings does not delay the date upon which his conviction became final for the purposes of triggering AEDPA's statute of limitations. Thus, we conclude that McMonagle's petition was untimely.

## B

McMonagle argues that *Larche v. Simons*, 53 F.3d 1068 (9th Cir. 1995), dictates that direct review of his conviction ended when the California Supreme Court rejected his habeas petition, not when the Court of Appeal declined to accept transfer of his case.

In *Larche*, we held that California misdemeanants must seek habeas relief from the California Supreme Court in

order to fully exhaust their claims. *Larche*, 53 F.3d at 1071. Larche, like McMonagle, was convicted of two misdemeanors by a California jury. *Id.* at 1069. His petition for federal habeas relief was dismissed by the district court due to his failure to exhaust state court remedies. *Id.* Relying on prior decisions that required petitioners to pursue direct appeals all the way to a state's supreme court, even when such appeals were discretionary, we held that "the California Supreme Court had to be given at least one opportunity to review [an] appellant's claims" before we could consider federal habeas relief. *Id.* at 1071. Otherwise, "we would deprive the California Supreme Court of any opportunity to rectify constitutional wrongs committed by its lower courts in misdemeanor cases." *Id.* McMonagle correctly reads *Larche* as having required him to file a state habeas petition in order to exhaust his state court remedies under 28 U.S.C. § 2254(b)(1)(A).

*Larche*, however, was decided before AEDPA put in place a statute of limitations for federal habeas petitions, and thus unsurprisingly discusses only exhaustion. But exhaustion and finality are distinct concepts for purposes of AEDPA. Exhaustion occurs "at the end of state-court review," *Lawrence v. Florida*, 549 U.S. 327, 333 (2007), which can include collateral review for certain types of claims, *see, e.g.*, *Martinez v. Ryan*, 132 S. Ct. 1309, 1313 (2012) (noting that Arizona requires ineffective assistance of counsel claims to be raised in state collateral proceedings). "Finality occurs when *direct* state appeals have been [completed] and a petition for writ of certiorari from [the United States Supreme Court] has become time barred or has been disposed of." *Greene v. Fisher*, 132 S. Ct. 38, 44 (2011) (emphasis added). It is when a direct appeal becomes final that AEDPA's 1-year statute of limitations begins running.

Although *Larche* did not discuss finality, it created undue confusion for misdemeanant habeas petitioners like McMonagle, particularly in the wake of AEDPA's enactment, because some of *Larche*'s language conflated collateral and direct review of misdemeanors.   For example, *Larche* wrongly equated the opportunity for habeas review of misdemeanors in the California Supreme Court with the requirement that felony direct appeals be appealed all the way to that same court. *See* 53 F.3d at 1071 (citing *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988), *and Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986), *abrogated on other grounds by Duncan v. Henry*, 513 U.S. 364 (1995)).    This suggested that misdemeanor habeas petitions like McMonagle's were properly construed not as collateral review proceedings but as a de facto part of the direct review process.  This is not how California courts treat such petitions.  *See Marks v. Superior Court*, 38 P.3d 512, 521 (Cal. 2002) (emphasizing that "collateral review by habeas corpus is not a reiteration of or substitute for an appeal").

Moreover, *Larche*'s requirement that misdemeanants seek review of their claims in the California Supreme Court before seeking federal habeas relief unduly restricted California's ability to dictate its own systems of appellate review.  The exhaustion doctrine "turns on an inquiry into what procedures are 'available' under state law," and "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available."    *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999).  Although review by a state's highest court may still be "available" for exhaustion purposes even when it is discouraged or subject to discretionary acceptance, *see, e.g.*, *id.* at 845; *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), the key question is whether the type of review at issue forms part of

the state's "ordinary appellate review procedure." *O'Sullivan*, 526 U.S. at 847. And for challenges to misdemeanor convictions not heard on the merits by the Court of Appeal, review by the California Supreme Court falls decidedly outside of the state's ordinary appellate review. *See* Cal. R. Ct. 8.1018(a); Cal. R. Ct. 8.500(a)(1); *see also O'Sullivan*, 526 U.S. at 844 (stating that "state prisoners do not have to invoke extraordinary remedies when those remedies are alternatives to the standard review process"). California misdemeanants therefore should not be required to file a habeas petition before the state Supreme Court in order to exhaust state court remedies for claims already considered and rejected on direct review. Because *Larche* holds otherwise, we now overrule it.

Having overruled *Larche*, going forward exhaustion and finality for misdemeanors will largely coincide at the California Court of Appeal. When the Court of Appeal denies transfer, the petitioner will have exhausted his state court remedies,[1] and AEDPA's limitations period will begin to run ninety days later or upon the resolution of a

---

[1] We note that certain types of claims must be raised and exhausted via state collateral proceedings. For example, because ineffective assistance of counsel claims often involve extra-record issues, California considers these claims to be "more appropriately made in . . . petition[s] for habeas corpus" and not on direct appeal. *See People v. Pope*, 590 P.2d 859, 867 (Cal. 1979) (en banc), *abrogated in part on other grounds by People v. Ledesma*, 729 P.2d 829, 868–69 (Cal. 1987) (en banc). But McMonagle need not file such a petition because he raises only claims that were already considered and rejected on direct review, which the California courts decline to reconsider in habeas proceedings. *See In re Harris*, 855 P.2d 391, 395–98 (Cal. 1993).

petition for writ of certiorari by the United States Supreme Court, if one is filed.

## IV

Although we conclude that McMonagle's habeas petition was filed outside of AEDPA's one-year limitation period, that conclusion does not end our inquiry. Equitable tolling may be available "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Equitable principles dictate that we toll AEDPA's statute of limitations in the rare case where a petitioner relies on our legally erroneous holding in determining when to file a federal habeas petition." *Harris v. Carter*, 515 F.3d 1051, 1057 (9th Cir. 2008). In light of McMonagle's reliance on *Larche* and the circumstances in this case, "equitable principles dictate that AEDPA's one-year statute of limitations be tolled here." *See Townsend v. Knowles*, 562 F.3d 1200, 1206 (9th Cir. 2009), *abrogated on other grounds by Walker v. Martin*, 562 U.S. 307 (2011). We reverse and remand for the district court to consider McMonagle's habeas petition on the merits.

**REVERSED AND REMANDED.**