**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO J. MENA, AKA A. J. Mena, *Petitioner-Appellant*, <br><br> v. <br><br> DAVID A. LONG, *Respondent-Appellee*. | No. 14-55102 <br><br> D.C. No. 5:13-cv-00490-CJC-RNB <br><br> OPINION |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted
October 21, 2015—Pasadena, California

Filed February 17, 2016

Before: Johnnie B. Rawlinson and Jacqueline H. Nguyen,
Circuit Judges and Michael A. Ponsor,[*] Senior District
Judge.

Opinion by Judge Nguyen

---

[*] The Honorable Michael A. Ponsor, Senior District Judge for the U.S. District Court for Massachusetts, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

Reversing the district court's dismissal of a state prisoner's habeas corpus petition raising only unexhausted claims, the panel held that a district court has discretion to stay and hold in abeyance fully unexhausted habeas petitions under the circumstances set forth in *Rhines v. Weber*, 544 U.S. 269 (2005).

Because the district court dismissed the petition on the assumption that it lacked authority to grant the petitioner's request for a *Rhines* stay, the panel remanded for the district court to decide in the first instance whether the petitioner is entitled to such a stay.

### COUNSEL

Michael Parente (argued), Deputy Federal Public Defender; Hilary Potashner, Acting Federal Public Defender, Federal Public Defender's Office, Los Angeles, California, for Petitioner-Appellant.

Daniel Hilton (argued), Deputy Attorney General; Kevin Vienna, Supervising Deputy Attorney General; Julie Garland, Senior Assistant Attorney General; Kamala D. Harris, Attorney General of California, Office of the Attorney General, San Diego, California, for Respondent-Appellee.

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## OPINION

NGUYEN, Circuit Judge:

The Supreme Court held in *Rhines v. Weber*, 544 U.S. 269 (2005), that a district court has discretion to stay, rather than dismiss, a timely-filed "mixed" petition for habeas corpus relief—that is, a single petition that includes both exhausted and unexhausted claims. Today we join several of our sister circuits in holding that the *Rhines* stay-and-abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that raises *only* unexhausted claims. Because the district court here held otherwise, we reverse and remand.

## I.

Petitioner Armando Mena received a 40-year prison sentence after pleading guilty to five counts of lewd and lascivious acts by use of force for sexually abusing his stepdaughters and their cousin. Mena filed a notice of appeal and a request for certificate of probable cause challenging the validity of his plea, asserting that his counsel had given him defective advice concerning his plea and sentence. The state trial court granted the request for certificate of probable cause.

On direct appeal, Mena's appointed counsel filed a brief under *People v. Wende*, 600 P.2d 1071 (Cal. 1979), and *Anders v. California*, 386 U.S. 738 (1967), setting forth a statement of facts but identifying no potential arguable issues. The California Court of Appeal invited Mena to file a personal supplemental brief, but Mena failed to do so. The California Court of Appeal then conducted an independent review of the entire record, found no arguable issues, and issued an opinion affirming the judgment of the trial court.

Mena next filed a state habeas petition in the California Supreme Court alleging ineffective assistance of trial and appellate counsel.  The California Supreme Court denied the petition in a one-sentence opinion citing *People v. Duvall*, 886 P.2d 1252, 1258 (Cal. 1995), and *In re Swain*, 209 P.2d 793, 796 (Cal. 1949), indicating that Mena had failed to "state fully and with particularity the facts on which relief is sought."  *Duvall*, 886 P.2d at 1258; *Swain*, 209 P.2d at 796.

Proceeding to federal court, Mena next filed a timely pro se petition under 28 U.S.C. § 2254 in the Central District of California.  Noting various deficiencies in the petition, the district court issued an order appointing counsel for Mena and dismissing the petition without prejudice.  The court noted that all of Mena's claims appeared to be unexhausted because the California Supreme Court denied his state habeas petition without reaching the merits.  About eight months later, but still within the limitations period, Mena filed his First Amended Petition, raising four constitutional claims which he conceded were unexhausted, while at the same time moving for a stay under *Rhines v. Weber* so he could exhaust those claims in state court.[1]

The magistrate judge issued a Report and Recommendation recommending that the district court deny Mena's request for a *Rhines* stay and dismiss his petition without prejudice.  The magistrate judge reasoned that the case was "not an appropriate case for invocation of the stay-and-abeyance procedure authorized by *Rhines* because that procedure applies only to mixed petitions and petitioner here has conceded that the operative [petition] is not a mixed petition."   The district court adopted the Report and

---

[1] Mena does not dispute the district court's conclusion that his claims were unexhausted, and thus we do not review that issue.

Recommendation in full and denied Mena's request for a *Rhines* stay.

We granted a certificate of appealability on "whether the district court properly denied appellant's request for a stay, including whether the district court has discretion to use the stay and abeyance procedure outlined in *Rhines v. Weber*, 544 U.S. 269 (2005), and *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), to stay and hold in abeyance a habeas petition containing only unexhausted claims."

## II.

Generally, a habeas petition under 28 U.S.C. § 2254 may "not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1). Over thirty years ago, the Supreme Court interpreted this provision to require district courts to dismiss petitions that contain even one unexhausted claim. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Importantly, however, "*Lundy* was decided at a time when petitioners could return to federal court after exhausting their unexhausted claims to 'present their perfected petitions with relative ease,' as there was no statute of limitations on filing federal habeas petitions." *Doe v. Jones*, 762 F.3d 1174, 1177 (10th Cir. 2014) (quoting *Rhines*, 544 U.S. at 274). Then came the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "dramatically altered the landscape" by establishing a one-year statute of limitations for such petitions. *Rhines*, 544 U.S. at 274. Because of AEDPA's brief limitations period, petitioners who brought unexhausted claims to federal court faced the possibility that they would have insufficient time to exhaust those claims in state court then return to federal court. The Supreme Court confronted this issue in *Rhines v. Weber*, where it held that under certain circumstances district courts may stay and hold

in abeyance mixed petitions to allow petitioners to exhaust their unexhausted claims without losing their place in federal court. *Id.* at 275–77.

We have not addressed in our circuit whether such a stay-and-abeyance procedure is available when a petition is fully unexhausted, not mixed. But our sister circuits—the Third, Seventh, and Tenth—that have done so have all held that *Rhines* applies to a petition that includes solely unexhausted claims. *See Doe*, 762 F.3d at 1174; *Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009); *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006). We agree.

Like the Supreme Court's analysis in *Rhines*, our analysis begins with the general principle that "[d]istrict courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion." *Rhines*, 544 U.S. at 276 (citations omitted). As the Court recognized, AEDPA does not eliminate district courts' authority to issue stays in habeas proceedings, but rather—at least in cases of mixed petitions—limits it to when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Similarly here, we find no authority eliminating the district courts' presumed discretion to issue stays in cases of fully unexhausted petitions, and we find no reason to adopt limits on that discretion different from those set forth in *Rhines*.

Indeed, this application of *Rhines* is supported, if not required, by statements in other Supreme Court cases suggesting that petitioners with fully unexhausted petitions can seek stays. Just one month after deciding *Rhines*, the Court considered in *Pace v. DiGuglielmo* whether AEDPA's one-year statute of limitations is tolled when a petitioner

files an untimely petition in state court. Holding that the statute is not tolled, the Court added:

> A prisoner seeking postconviction relief might avoid this predicament . . . by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. . . . A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Notably, the petition in *Pace* was not mixed, and the Court gave no indication that its statement applied only to mixed petitions. *Heleva*, 581 F.3d at 191. It would be odd, to say the least, for the Supreme Court to suggest a stay procedure to a petitioner who could not have used it, and to "recommend[] this course of action without any mention that it could apply only to a mixed petition." *Id.* We can only conclude that the Court expected *Rhines* to apply to fully unexhausted petitions.**[2]** *Accord Id.*

The state argues that because *Rhines* concerned a mixed petition, the pre-AEDPA rule established in *Rose v. Lundy* continues to govern fully unexhausted petitions, and mandates dismissal. But the state's argument not only begs

---

**[2]** At least one other Supreme Court case provides similar indications. S*ee Gonzalez v. Thaler*, 132 S.Ct. 641, 655 (2012) ("To the extent a petitioner has had his or her federal filing period severely truncated by a delay in the [state appellate court] mandate's issuance and has unexhausted claims that must be raised on state habeas review, such a petitioner could file a request for a stay and abeyance from the federal district court.").

the question of whether *Rhines* was in fact limited to mixed petitions, it also ignores the context of *Lundy*. When *Lundy* was decided, there was no need for the stay procedure set forth in *Rhines*—AEDPA's one-year statute of limitations had not yet been enacted. *Rhines*, 544 U.S. at 274. Not only that, the dismissal mandated in *Lundy* achieved the same result as the stay procedure in *Rhines*—petitioners could exhaust their claims in state court then return to federal court. Against this backdrop, it is clear that *Lundy* did not address, let alone foreclose, the use of a stay-and-abeyance procedure.

Moreover, even setting aside the Supreme Court's statement in *Pace*, we do not find the distinctions between mixed petitions and fully unexhausted petitions sufficiently meaningful to warrant different treatment. In both cases, petitioners who are denied stays run the risk of forever losing federal review of their claims. We find unpersuasive the state's claim that different treatment is nonetheless justified because mixed petitions, unlike fully unexhausted ones, demonstrate that petitioners at least attempted to pursue state remedies. Even accepting the premise as true, the test set forth in *Rhines* better addresses this concern by ensuring that a stay is granted only when the petitioner shows, among other things, "good cause for his failure to exhaust." *Rhines*, 544 U.S. at 278; *see also Doe*, 762 F.3d at 1181 ("Whether they have mixed or unmixed petitions, petitioners with little chance of exhausting their claims in state court and returning to federal court before the limitations period runs should not be foreclosed from the very mechanism designed to protect against such risk if they can satisfy the *Rhines* standards."). Denying stays to all petitioners with fully unexhausted petitions, without regard to good cause excusing a failure to exhaust, creates a needlessly overbroad rule.

Finally, the state cites *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006), but that opinion does not dictate a different result. In *Rasberry*, the district court had dismissed the petitioner's first petition because it contained only unexhausted claims, then, when the petitioner re-filed his petition after exhausting those claims, dismissed the second petition as untimely. *Id.* at 1152–53. On appeal, the petitioner argued that the district court erred in denying him equitable relief—such as equitable tolling or relation back of his filing date—before dismissing his second petition. According to the petitioner, he was entitled to such relief because the district court failed to inform him before dismissing his first petition that he could amend the petition to include two exhausted claims he had omitted and then seek a stay. *Id.* at 1151. Rejecting the petitioner's argument, we reasoned that it would be "unworkable" to require the district court to intuit that the petitioner had excluded exhausted claims from his petition, then to advise him to add those claims and seek a stay from the court:

> District courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005). We decline to extend that rule to the situation where the original habeas petition contained only unexhausted claims, but the record shows that there were exhausted claims that could have been included. Such an extension would result in a heavy burden on the district court to determine whether a petitioner who files a petition that on its face is unexhausted

> may have other exhausted claims that could
> have been raised.

*Id.* at 1154.

As the Tenth Circuit correctly noted, our statement in *Rasberry*, "read in light of the case's factual context," concerned only the limited question of whether the district court must inform petitioners that an amendment-and-stay procedure may be available, not the broader question of whether *Rhines* applies to fully unexhausted petitions. *See Doe*, 762 F.3d at 1180. Indeed, the district court proceedings were before *Rhines* was decided, and thus the petitioner neither requested a *Rhines* stay nor argued on appeal that *Rhines* applied to fully unexhausted petitions. Addressing only the arguments actually presented, we thus assumed without deciding that *Rhines* was limited to mixed petitions. In short, we did not confront the issue presented here. *See Heleva*, 581 F.3d at 192 (noting that *Rasberry* "was focused on the issue of mixed petitions"); *see also Doe*, 762 F.3d at 1180 ("In light of Rasberry's request for a notice requirement, the Ninth Circuit declined to apply *Rhines* to the petition before it . . . ."). Thus *Rasberry* does not control the present case.[3]

## III.

In sum, we hold that a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*. Because the district court here dismissed the petition on the assumption that it

---

[3] To the extent our stray language in *Rasberry* might be interpreted to suggest otherwise, it is nevertheless not binding. *See United States v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (en banc) (noting that a ruling becomes the law of the circuit when resolved "after reasoned consideration").

lacked authority to grant Mena's request for a *Rhines* stay, we reverse and remand for it to decide in the first instance whether Mena is entitled to such a stay.

**REVERSED AND REMANDED.**