**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWARD Y. GARDNER,

            Petitioner-Appellant,

    v.

FRANK LUNA, Warden,

            Defendant-Appellee.

No.    14-35644

D.C. No. 3:06-cv-00259-RRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted August 4, 2016[**]
Anchorage, Alaska

Before: FISHER, PAEZ, and HURWITZ, Circuit Judges.

Edward Y. Gardner appeals the district court's order lifting a previously

imposed stay of his unexhausted habeas claims—a Confrontation Clause claim and

a Due Process Clause claim—and dismissing his habeas petition.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion in lifting the *Rhines* stay. *See Rhines v. Weber*, 544 U.S. 269 (2005).[1] As the *Rhines* Court cautioned, "[e]ven where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely." *Id.* at 277. Here, the district court lifted the stay on Gardner's unexhausted claims because the stay was granted "nearly six years ago and no supplemental pleadings appear to have been filed regarding these claims." Instead, in his second application for post-conviction relief, Gardner claimed only that he had been "denied his constitutionally protected right to effective assistance of counsel, secured to him by the Sixth Amendment to the United State Constitution." He never asserted a direct Confrontation Clause claim or a Due Process Clause claim. Therefore, the district court acted within its discretion in lifting the *Rhines* stay.

Nor did the district court err in subsequently dismissing these claims as unexhausted. "Under 28 U.S.C. § 2254(b)(1)(A), the federal courts are not to grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless 'the applicant has exhausted the remedies available in the courts

---

[1] As an initial matter, it is clearly within the district court's discretion to issue or maintain a *Rhines* stay even "in cases of fully unexhausted petitions." *See Mena v. Long,* 813 F.3d 907, 910 (9th Cir. 2016).

of the State.'" *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (quoting 28 U.S.C. § 2254(b)(1)(A)).  Because Gardner failed to exhaust his Confrontation and Due Process Clause claims in state court, the district court properly dismissed them once it lifted the *Rhines* stay.

**AFFIRMED**.