**NOT FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

FILED

JUN 05 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| **JUAN VALENZUELA,**<br><br>Petitioner-Appellant,<br><br>v.<br><br>**L. SMALL,**<br><br>Respondent-Appellee. | No. 15-56971<br><br>D.C. No.<br>2:10-cv-02428-DSF-DFM<br><br>**MEMORANDUM**<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted May 8, 2017
Pasadena, California

Before:    **KOZINSKI** and **OWENS**, Circuit Judges, and **SETTLE**,** District
Judge.

To justify equitable tolling, Valenzuela must show that he diligently pursued

his rights and that an extraordinary circumstance "stood in his way" and prevented

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Benjamin H. Settle, United States District Judge for
the Western District of Washington, sitting by designation.

timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). "[S]erious instances of attorney misconduct" can create an extraordinary circumstance sufficient to justify equitable tolling. Id. at 652; Doe v. Busby, 661 F.3d 1001, 1012–14 (9th Cir. 2011). We apply this standard leniently when a prisoner proceeds pro se. Fue v. Biter, 842 F.3d 650, 657 (9th Cir. 2016) (en banc).

The effects of Melson's undisputed misconduct, evidenced by professional misconduct findings and an actual State Bar suspension, lingered beyond the period of his formal representation. As a result of Melson's misbehavior, Valenzuela was left to personally draft and file his state habeas petition from prison, a decade after his initial conviction, without a single exhausted claim. See 28 U.S.C. § 2254(b)(1)(A). Valenzuela was entitled to adequate time to exhaust his claims in state court and prepare a federal habeas petition.

Melson's conduct was sufficiently extraordinary to justify equitable tolling not only for the period of his representation, but also for the period (from November 6, 2008 to July 8, 2009) in which Valenzuela's properly filed pro se petitions were pending before the California Court of Appeal and the California Supreme Court. Valenzuela's federal filing was thus timely.

**VACATED AND REMANDED.**

FILED

JUN 05 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**SETTLE**, District Judge, concurring:

I concur in the judgment reached by the court.  In my view, the impediment that stood in Valenzuela's way from November 6, 2008 to July 8, 2009 was the absence of an exhausted claim.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."). Although this impediment stood in Valenzuela's way, our circuit recently held that district courts may accept petitions asserting only unexhausted claims.  *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).