NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEWEY LEE MCBRIDE, | No. 17-15344 |
| Petitioner-Appellant, | D.C. No. 4:16-cv-00485-CKJ |
| v. | |
| CHARLES L. RYAN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted October 19, 2018**
San Francisco, California

Before: HAWKINS and HURWITZ, Circuit Judges, and EATON,*** Judge.

Dewey McBride, an Arizona state prisoner, appeals the district court's

dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely. We granted a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

certificate of appealability ("COA") limited to the timeliness issue, and McBride timely appealed. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and affirm.

1. McBride's § 2254 petition was filed on July 21, 2016, and was subject to the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A), which ran from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Arizona Supreme Court denied McBride's petition for review of the denial of his second petition for post-conviction relief ("PCR") on April 21, 2015. That denial became final ninety days later. *See McMonagle v. Meyer,* 802 F.3d 1093, 1096 (9th Cir. 2015). Thus, even assuming, as McBride contends, that the limitations period ran from the date the judgment on his second PCR petition became final, it expired on July 20, 2016, one day before he filed his § 2254 habeas petition.

2. McBride argues that the statute of limitations should have been tolled while his petition for a writ of certiorari concerning the Arizona Supreme Court's April 21 order was pending before the Supreme Court of the United States. That argument, however, has been expressly rejected by the Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

3. Given our conclusion that the petition was untimely, we have no occasion to address the uncertified issue raised in McBride's brief. 28 U.S.C. § 2253(c)(2).

2

**AFFIRMED.**