

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUAN GILBERTO MEDRANO,

                Petitioner-Appellant,

v.

SCOTT FRAUENHEIM, Warden,

                Respondent-Appellee.

No.   17-56305

D.C. No. 2:16-cv-08292-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Frederick F. Mumm, Magistrate Judge, Presiding

Argued and Submitted April 12, 2019
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and GILSTRAP,[**]
District Judge.

      Juan Gilberto Medrano (Petitioner) appeals the denial of his federal habeas

petition filed in November, 2016.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable James Rodney Gilstrap, United States District Judge
for the Eastern District of Texas, sitting by designation.

In November, 2015, Petitioner filed his first state habeas petition. While that petition was pending, a few days later, Petitioner filed a protective federal petition asserting the same claims as those in the state petition, and moved for a *Rhines*[1] stay. In December, 2015, the federal district court summarily dismissed the petition and denied the stay request because all claims were unexhausted. Petitioner's initial state petition was denied as untimely and on the merits in April, 2016. Petitioner's subsequent state petitions were also unsuccessful.

On November 7, 2016, Petitioner filed a second federal petition asserting the now exhausted claims. He contended that he was entitled to equitable tolling because, *inter alia*, he had limited access to the prison law library. The district court denied the second federal petition as untimely, finding that Petitioner raised no valid grounds for statutory tolling, and that Petitioner was not entitled to equitable tolling because he failed to demonstrate that extraordinary circumstances prevented him from timely filing his second habeas petition.

This Court reviews "the timeliness of the federal habeas petition *de novo*." *McMonagle v. Meyer*, 802 F.3d 1093, 1096 (9th Cir. 2015) (en banc) (citation and alterations omitted). Because Petitioner's conviction became final on February 10, 2015, he had until February 10, 2016, to file a timely federal habeas petition. *See*

---

[1] *See Rhines v. Weber,* 544 U.S. 269 (2005).

*id.* at 1097.  Therefore, the November, 2016, petition was not timely, absent statutory[2] or equitable tolling.  *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1025 (9th Cir. 2005).  "To be entitled to equitable tolling, a habeas petitioner must demonstrate two things:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. . . ." *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (citation and internal quotation marks omitted).

On appeal, Petitioner argues that the district court erred in finding that Petitioner's limited access to a library was not an extraordinary circumstance that warranted equitable tolling.  However, normal restrictions on a prisoner's access to the law library does not constitute extraordinary circumstances standing in the way of timely filing a federal petition.  *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009).

---

[2]To the extent that Petitioner contends that he is entitled to statutory tolling, the district court did not err in finding that Medrano was ineligible for statutory tolling.  Petitioner's first state petition was denied as untimely, so it was not properly before the state court to toll the limitations period.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).  The filings of his third and fourth state petitions after the statute of limitations expired could not toll the running of a limitations period that had already expired.  *See Ford v. Gonzalez,* 683 F.3d 1230, 1237 n.4 (9th Cir. 2012).

Without having presented the argument to the district court,[3] Petitioner now asserts an additional basis for equitable tolling:  that the denial of the *Rhines* stay request in connection with his 2015 federal petition was erroneous under our February, 2016, decision, *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) (explaining that a *Rhines* stay is available for completely unexhausted petitions).

Generally, we consider arguments not raised before the district court waived, unless one of the following exceptions applies:

> (1) there are exceptional circumstances why the issue was not raised in the trial court; (2) the new issue arises while the appeal is pending because of a change in the law; or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court. Further exception may be made when plain error has occurred and an injustice might otherwise result.

*Allen v. Ornoski*, 435 F.3d 946, 960 (9th Cir. 2006) (citations and internal quotation marks omitted).

None of the exceptions provides a viable avenue for us to reach the *Mena* issue.  Petitioner describes no exceptional circumstances that prevented him from raising the issue before either district court below.  Even if *Mena* represented a clear change in the law, *Mena* was not decided while this appeal was pending.  The

---

[3] Petitioner has not moved for reconsideration of the dismissal of his 2015 petition and the denial of the *Rhines* stay request under Federal Rule of Civil Procedure 60(b)(6).

4

determination of whether an extraordinary circumstance exists that warrants equitable tolling is "highly fact-dependent," *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013), as is the inquiry into whether Petitioner sufficiently alleged good cause to merit a stay. *See King v. Ryan*, 564 F.3d 1133, 1138 (9th Cir. 2009). Although we have previously recognized that a district court's erroneous dismissal of a mixed petition is an extraordinary circumstance for tolling purposes, *see Jefferson v. Budge*, 419 F.3d 1013, 1016-17 (9th Cir. 2005), we have never done so for a completely unexhausted petition, where the equitable tolling issue was not presented to the district court. In any event, Petitioner has not demonstrated that the district court plainly erred when it denied the request in 2015, because the rule articulated in *Mena* was not "clear or obvious." *United States v. Anguiano-Morfin*, 713 F.3d 1208, 1211 (9th Cir. 2013).

**AFFIRMED.**

*Medrano v. Frauenheim*, No. 17-56305

MURGUIA, Circuit Judge, dissenting:

Because Medrano is entitled to equitable tolling, I would reverse.

Adhering to Supreme Court guidance in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), Medrano diligently filed a protective federal habeas petition before AEDPA's one-year limitations period ran. That protective petition, however, was improperly dismissed according to now-controlling Circuit precedent. In *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016)—which was published after the denial of Medrano's 2015 petition, but before the denial of his 2016 petition—our court explained that a district court has discretion to grant a *Rhines* stay even if all claims in a petition are unexhausted.

The unwarranted dismissal of a petitioner's earlier, timely filed federal habeas petition is an extraordinary circumstance that can support equitable tolling. *Jefferson v. Budge*, 419 F.3d 1013, 1017 (9th Cir. 2005). In light of *Mena*, we can conclude that the logic of *Jefferson* extends to the present context. At least two federal district courts in our Circuit agree. *See Torres v. Sullivan*, 2017 WL 2952925, *5 (C.D. Cal. May 25, 2017); *Briggs v. California*, 2017 WL 1806495, *3–5 (N.D. Cal. May 5, 2017).

Furthermore, because the question of whether dismissal of a protective federal habeas petition pre-*Mena* can constitute an extraordinary circumstance sufficient to warrant equitable tolling is "purely a question of law," *Allen v. Ornoski*, 435 F.3d 946, 960 (9th Cir. 2006), we could have and should have addressed it for the first time on appeal.

I respectfully dissent.