**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT EUGENE BARRY, | No. 20-35166 |
| Petitioner-Appellant, | D.C. No. 3:18-cv-06003-BHS |
| v. | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM* |
| Respondents-Appellees, | |
| and | |
| GARY SIMPSON, | |
| Respondent. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted December 9, 2020
Seattle, Washington

Before: BERZON, MILLER, and BRESS, Circuit Judges.
Concurrence by Judge BERZON

Petitioner-Appellant Robert Eugene Barry appeals from the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

order dismissing his petition for a writ of habeas corpus as time-barred. The district court granted Barry a certificate of appealability "on the sole issue of whether [he] is entitled to equitable tolling from June 22, 2017 to December 5, 2018 while he pursued state court relief." We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

Barry was convicted in state court of first-degree child molestation. His conviction became final on direct review on September 2, 2015, when the time to seek certiorari expired after the Washington Supreme Court affirmed his conviction. As relevant here, a federal habeas petition must be filed within one year of the date on which the petitioner's conviction became final on direct review. 28 U.S.C. § 2244(d)(1)(A). Barry did not file his federal petition until more than three years later, on December 7, 2018. But the limitations period may be equitably tolled if the petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (en banc) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The district court assumed that Mitch Harrison, Barry's counsel before the Washington Supreme Court on direct appeal, also agreed to represent Barry in his federal habeas proceedings but then effectively abandoned him and did not file a petition. We assume that Harrison's abandonment of Barry constituted an

extraordinary circumstance that equitably tolled the limitations period. *See Doe v. Busby*, 661 F.3d 1001, 1011–12 (9th Cir. 2011) (explaining that egregiously "unprofessional attorney behavior" can constitute an extraordinary circumstance). As of September 29, 2016, however, Barry had retained a new attorney, Casey Arbenz. Barry does not argue that Arbenz abandoned him—to the contrary, Arbenz continues to represent Barry—and therefore attorney abandonment would not provide a basis for tolling after that date. Accordingly, the deadline for Barry to file his federal habeas petition was no later than September 2017, making his December 2018 filing more than a year late.

The district court assumed that Harrison's misconduct tolled the statute of limitations until June 22, 2017, when Barry filed a motion to recall the mandate in state court. Even using that date, the federal habeas deadline would have been in June 2018, making Barry's filing more than five months late.

Barry argues that he acted diligently by pursuing relief in state court after retaining Arbenz. The Supreme Court has held that an untimely petition for state postconviction relief is not a basis for statutory tolling, and that a petitioner who wishes to preserve the ability to seek federal review should file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *see Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).

3

Because Barry had the ability to file a federal protective petition while pursuing state relief, no extraordinary circumstance prevented him from timely filing his federal petition. *See Smith*, 953 F.3d at 600 (citing *Holland*, 560 U.S. at 649–50). Barry does not explain why the pendency of his state filings would be a basis for equitable tolling.

In any event, even if we were to assume that equitable tolling was appropriate while Barry was seeking relief in state court, that still leaves over 14 months of unaccounted-for delays between the time Barry retained Arbenz and the time he filed his federal petition (or more than five months of unexplained delays, using the June 2017 start date employed by the district court). Barry waited nine months after retaining Arbenz to file a motion to recall the Washington Supreme Court's mandate. After that motion was denied, he waited four months before filing a personal restraint petition in state court. And after that petition was denied and the Washington Court of Appeals issued its certificate of finality in October 2018, Barry waited more than a month before filing his federal habeas petition, Barry has provided no explanation of how those delays reflect reasonable diligence.

**AFFIRMED**.

4

*Barry v. Washington Dep't of Corrections*, No. 20-35166

FILED

JAN 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BERZON, J., concurring in judgment:

I reluctantly concur in the judgment. Petitioner has had the misfortune on state post-conviction and federal habeas proceedings of having been abandoned by one lawyer and being poorly represented by a second. And the result of our disposition is possibly to foreclose further judicial consideration of a nonfrivolous due process challenge to his state conviction. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). But under current case law, for reasons somewhat different from those relied on by the majority, I see no basis for equitably tolling the federal one-year limitations period for filing a habeas petition.

Petitioner's first habeas counsel abandoned him and failed to timely file any habeas petition, in state or federal court. Petitioner's second—and current—habeas counsel then failed to recognize the proper course of action, leading to many months of delay.

Petitioner's current counsel made two mistakes. First, rather than promptly filing a state or federal post-conviction petition raising the federal constitutional issue, counsel filed a motion to recall the state mandate, seeking only to reset the clock to timely file a habeas petition. Second, after he was unsuccessful in that effort, counsel filed a state habeas petition knowing it was untimely, yet failed to raise equitable tolling in state court, a lapse noted by both the Washington Court of

1

Appeals and Washington Supreme Court in denying post-conviction relief for failure to timely file. The Washington Supreme Court specifically noted that "neither in his personal restraint petition nor in his supporting brief did Mr. Barry mention, much less request, equitable tolling," and it denied the petition in part on that basis. Only after the state habeas petition was denied as untimely was a federal petition filed.

Petitioner, through his current counsel, argues that his current counsel's state-court approach was reasonably diligent and that we should thus equitably toll the time from June 22, 2017, to December 5, 2018, during which petitioner pursued state relief "so as to comply with the long-held requirement that state remedies should be exhausted before federal relief is sought." But, although federal habeas applications must "exhaust those remedies 'available in the courts of the State[,]' [t]his requirement . . . refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982) (quoting 28 U.S.C. § 2254(b)). "A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) (quoting 28 U.S.C. § 2254(b)). Thus, rather than attempt to recall the mandate or seek state habeas relief when such relief was already time-barred, petitioner's counsel could have, and should have, quickly filed a federal petition

2

and sought to excuse the procedural default because of counsel abandonment, *see Maples v. Thomas*, 565 U.S. 266, 283 (2012); *Martinez v. Ryan*, 566 U.S. 1, 14 (2012), an effort that almost surely would have succeeded. Alternatively, the counsel abandonment and potential merit of Barry's due process claim would almost surely have supported a stay of federal habeas proceedings to allow exhaustion of state post-conviction remedies (although such exhaustion would probably have been futile, as it turned out to be). *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). And although the federal petition would have nonetheless been filed more than a year after his conviction became final, the abandonment of petitioner's first habeas counsel would have warranted equitable tolling had the federal petition been filed promptly once the new lawyer discovered the prior lawyer's abandonment. *See Holland v. Florida*, 560 U.S. 631, 652 (2010); *Doe v. Busby*, 661 F.3d 1001, 1012–14 (9th Cir. 2011).

Further, the specific attempt to reopen the direct appeal cannot count toward exhaustion, because its purpose was not to raise the unexhausted issue; rather its purpose was to restart the dates for filing post-conviction proceedings. Similarly, while attempting to exhaust state remedies by pursuing state habeas relief, petitioner's counsel failed to raise the argument of equitable tolling, so that alternative route could not have succeeded. Given the likely meritorious options that would have avoided the many months of delay in this case, I agree with the

3

majority that petitioner did not proceed with reasonable diligence after he discovered the abandonment by his former counsel.

The majority counts fourteen months of delay, beginning on or about September 29, 2016, the date petitioner hired his current habeas counsel. Opinion at 3, 4. The magistrate judge and district judge used June 22, 2017, the date when petitioner filed a motion to recall the mandate in state court, as the date when petitioner "became aware of [his first habeas counsel's] malpractice." Both dates are likely incorrect. September 29, 2016, may not be correct because that is the date the current counsel was hired "to investigate what was going on." The abandonment by the first habeas counsel may not have been apparent until, for example, March 23, 2017, when the state bar filed a formal complaint against the first habeas counsel, or May 17, 2017, when the first habeas counsel resigned from the state bar. June 22, 2017, cannot be correct because petitioner must have known of his first habeas counsel's abandonment before filing a motion to recall the mandate on the basis of that very abandonment.

In any event, as the majority notes, approximately two and a half months elapsed while the motion to recall the mandate was pending, from June 22, 2017, until September 6, 2017. There was a further approximately three and a half months of delay after the Washington Supreme Court denied the motion to recall the mandate until the state habeas petition was filed, from September 6, 2017 until

4

January 18, 2018, and another three and a half months of delay after that the state habeas petition was ultimately denied until the instant federal habeas petition was filed, from August 27, 2018 until December 7, 2018. These delays are in addition to the approximately eight months the state habeas petition, untimely at the time it was filed and with no argument made for equitable tolling, was pending, from January 18, 2018 until August 27, 2018. I do not see how filing that out-of-time petition without raising equitable tolling can count toward due diligence either. The upshot is that however one calculates, more than a year was spent trying improperly to raise the federal constitutional issues in state court when there was little reason to do so and little chance of succeeding. Under any equitable tolling standard, the federal petition was filed too late. *See Smith v. Davis*, 953 F.3d 582, 598–600 (9th Cir. 2020) (en banc); *id*. at 616 (Berzon, J., dissenting).

For the above reasons, I reluctantly concur in the judgment.